IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-00304 (ESL) |
| IVELISSE M. GONZALEZ ALEMAN | CHAPTER 13 |
| Debtor | |

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Order Disallowing Claim No. 8* (the "*Motion for Reconsideration*", Docket No. 41) and the *Omnibus Reply to Oppositions to Motion for Reconsideration…* (the "*Omnibus Reply*", Docket No. 47)[1], both filed by creditor Banco Popular de Puerto Rico ("BPPR").

The relevant facts are simple and undisputed. Developers Portales de Carolina, Inc. filed before the Puerto Rico Property Registry *Deed No. 160* executed on November 6, 2008 before Notary Public Nector F. Robles Morales to submit Condominio Miraflores to the horizontal property regime ("*Deed No. 160*"). On February 9, 2009, the Debtor purchased apartment no. 133 at Condominio Miraflores through a *Deed of Individualization and Sale* which attempted to individualize it from the property Condominio Miraflores. On the same date, the Debtor executed *Deed No. 15 of First Mortgage* before Notary Public Nector F. Robles Morales encumbering said property in favor of BPPR ("*Deed No. 15*")[2]. On June 26, 2012, BPPR acquired Condominio Miraflores through a foreclosure sale in the case of <u>BPPR v. Portales de Carolina, Inc.</u>, Case No. F CD2010-0376, before the Puerto Rico Court of First Instance. By that time, the Property Registrar notified certain defects over the horizontal property regime deed (*Deed No. 160*), and thus BPPR voluntarily withdrew both *Deed No. 160* and *Deed No. 15* from the Property Registry. About a year later, on January 17, 2013, the Debtor filed the instant Chapter 13 bankruptcy petition. BPPR had not re-filed *Deed No. 15* or

---

[1] The *Omnibus Reply* responds to the *Order* entered on September 11, 2013 (Docket No. 45).
[2] *Deed No. 15* was filed at Claims Register No. 8-1, pp. 16-21.

*Deed No. 160* at the Property Registry as of the petition date. The bar date for nongovernmental units (like BPPR) to file claims was set for May 21, 2013 (Docket No. 5). BPPR filed a secured *Proof of Claim* on June 11, 2013 (Claims Register No. 8). The Chapter 13 Trustee objected to BPPR's *Proof of Claim* on the grounds that BPPR is an unsecured creditor who must file a proof of claim and that it did so untimely. See Docket No. 37. The court granted the objection (Docket No. 37), which moved BPPR to file its *Motion for Reconsideration* (Docket No. 41). The Debtor and the Chapter 13 Trustee objected to BPRR's *Motion for Reconsideration* (Docket Nos. 42 and 44). The *Omnibus Reply* (Docket No. 47) followed.

BPPR prays the court to apply the doctrine of Soto-Ríos v. BPPR (In re Soto-Ríos), 662 F.3d 112 (1st Cir. 2011), or, in the alternative, to permit its untimely proof of claim under the "extraordinary circumstances" exception discussed in Wilkens v. Simon Bros., Inc., 731 F.2d 462, 464 (7th Cir. 1984). See Docket No. 47. The court will consider both arguments separately.

The facts in In re Soto-Ríos*, supra*, are inapposite to the instant case. As expressly acknowledged by BPPR, in Soto-Ríos, "the relevant mortgage deed had been presented but not recorded. In this case, the relevant deed was presented for recordation, but after the deed for constitution of the horizontal property regime was notified and withdrawn, it is not possible for the Registrar to record BPPR's mortgage in the absence of the deed that would allow for the individualization of debtor's apartment." BPPR's *Omnibus Reply*, p. 4, fn. 3 (Docket No. 47). In the instant case there is no deed pending recordation. Thus, the court declines to apply that doctrine to the instant case.

The court will now consider BPPR's alternate request.

A secured claim against a debtor is not dischargeable. See 11 U.S.C. §§ 522(c)(2), 1328(a)(1) and 1322(b)(5). Secured creditors are not required to file a proof of claim for their claims to be allowed but unsecured creditors are required to do so. See Bank of Am., N.A. v. Gordon (In re Gordon), 471 B.R. 614, 619 (D. Colo. 2012) ("Secured creditors are not required to file a claim"); Universal Am. Mort. Co. v. Bateman (In re Bateman), 331 F.3d 821, 827 (11th

Cir. 2003) ("[a]n unsecured creditor is required to file a proof claim for its claim to be allowed, but filing is not mandatory for a secured creditor").

In Puerto Rico, mortgages and titles subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. §§ 1291 *et seq.*, are constitutive in nature. In other words, these titles must be duly recorded in the Property Registry. See Pérez Mujica v. FirstBank, P.R. (In re Pérez Mujica), 457 B.R. 177, 187-188 (Bankr. D.P.R. 2011); Article 22 of the Horizontal Property Act, 31 L.P.R.A. § 1291, Brown III v. J.D. Cond. Playa Grande, 154 D.P.R. 225, 232 (2001); García Larrinua v. Lichtig, 118 D.P.R. 120, 128 (1986); Bravman, González v. Consejo Titulares, 183 D.P.R. 827, 845 (2011); Consejo de Titulares v. Vargas, 101 D.P.R. 579, 582 (1973); In re Soto-Ríos, 662 F.3d at 121 ("[U]nder Puerto Rico law, the registration is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt."); Rodríguez Ramos v. BPPR (In re Rodríguez Ramos), 493 B.R. 355, 365 (Bankr. D.P.R. 2013).

"When a document is withdrawn or recalled from the Property Registry before it is recorded, it ultimately entails the voluntary dismissal and extinction of the entry of register." Surita Acosta v. Reparto Saman, Inc. (In re Surita Acosta), 464 B.R. 86, 95-96 (Bankr. D.P.R. 2011), citing Luis R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 2002, pp. 277-278, and Roig Commercial Bank v. Torres Dueño, 614 F. Supp. 913 (D.P.R. 1985). Also see Carrión v. USDA Rural Hous. Serv. (In re Cestary Roldán), 2012 Bankr. LEXIS 2720 at *23, 2012 WL 2221410 at *8 (Bankr. D.P.R. 2012).

In the instant case, when the Debtor filed her bankruptcy petition there was no pending mortgage deed to be recorded at the Property Registry. Therefore, because a mortgage is constitutive in nature, BPPR is an unsecured creditor. See *Schedule E* listing BPPR as an unsecured creditor (Docket No. 1, p. 28). As such, BPPR was required to file a timely proof of claim under Fed. R. Bankr. P. 3002(a).

Proofs of claims are the basis for distribution in bankruptcy. See 11 U.S.C. §§ 501 and 502; William D. Warren, Daniel J. Bussel & David A. Skeel, Jr., Bankruptcy, Foundation Press,

9th ed., 2012, p. 78.  "The [Bankruptcy] Code and Bankruptcy Rules govern the requirements for the filing and allowance of proofs of claim."  Municipality of Carolina v. Baker González (In re Baker González), 490 B.R. 642, 647 (B.A.P. 1st Cir. 2013).  To determine whether a tardily filed claim can be allowed, courts must first determine whether the claim was properly filed under 11 U.S.C. § 501.  Id., at 647.

Although Sections 501 and 502 of the Bankruptcy Code do not specify the time frame within which claims must be filed, the deadlines for filing proofs of claim in Chapter 13 cases are prescribed by Fed. R. Bankr. P. 3002.  See Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval), 327 B.R. 493, 512 (B.A.P. 1st Cir. 2005).  Fed. R. Bankr. P. 3002(a) mandates that "unsecured creditor[s] … must file a proof of claim" except under certain exceptions not applicable to the instant case[3].  Consequently, unsecured creditors who do not file a proof of claim under Fed. R. Bankr. P. 3002(a) "will be unable to participate in any distribution".  Allan N. Resnick and Henry J. Sommes, 9 Collier on Bankruptcy, ¶ 3002.01 (16th ed. 2013).  Also see In re Baker González, 490 B.R. at 648 ("If an unsecured creditor's claim is to be allowed in a Chapter 13 case, a proof of claim must be filed. … Under the Bankruptcy Code and [Fed. R. Bankr. P.] 3002(a) an unsecured creditor **must** file a proof of claim in order to have a right to payment from the estate."); In re San Miguel Sandoval, 327 B.R. at 512 ("In Chapter 13 cases, a timely filed proof of claim is a precondition to allowance of the claim and the creditor's right to receive a distribution.")

"Pursuant to Fed. Rs. Bankr. P. 3002(c) and 9006(b)(3), the court does not have discretion to enlarge the time period to file an unsecured claim in a Chapter 13 case, unless one of the exceptions in [Fed. R. Bankr. P.] 3002(c) applies."  In re Rodríguez Ramos, 493 B.R. at 369.  Also see In re Baker González, 490 B.R. at 649 ("[Fed. R. Bankr. P.] 9006, in conjunction with [Fed. R. Bankr. P.] 3002(c), precludes the filing of an untimely proof of claim in … Chapter 13 cases, except in very limited circumstances"); In re San Miguel Sandoval, 327 B.R. at 512 ("[n]umerous courts, including the United States Bankruptcy Appellate Panel for the

---

[3] These exceptions are situations governed by Fed. Rs. Bankr. P. 1019(3), 3003, 3004, and 3005.

-4-

First Circuit, have held that the claim deadline in Chapter 13 cases cannot be extended for excusable neglect so long as due process concerns are satisfied"); In re Padilla Quiñones, 2011 Bankr. LEXIS 727 at *3, 2011 WL 748115 at *1 (Bankr. D.P.R. 2011) ("Fed. R. Bankr. P. 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Bankruptcy Rule 3002(c) to the extent and only under the conditions stated by this particular rule").

Fed. R. Bankr. P. 3002(c) mandates as follows:

TIME FOR FILING.  In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the [Bankruptcy] Code, except as follows:

(1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief.  A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under §1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return.  The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property.  If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that

the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

In the instant case, BPPR has not alleged, much less demonstrated, any of these exceptions. Therefore, the court may not extend or enlarge the time period afforded in Fed. R. Bankr. P. 3002. Accordingly, BPPR's *Proof of Claim* (Claims Register No. 8) must be disallowed in its entirety as the nature of the claim is unsecured and the same was filed after the bar date to file unsecured claims.

Lastly, BPPR seems to allege in its *Omnibus Reply* that disallowing its claim would be "unfair". Docket No. 47, pp. 3 and 4. Although not expressly stated, BPPR seems to seek this court's equitable powers under 11 U.S.C. § 105. Notwithstanding, it is well settled that "equitable powers ... in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code". Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988). Also see HSBC Bank USA v. Branch (In re Bank of New Engl. Corp.), 364 F.3d 355, 362 (1st Cir. 2003) ("equitable powers possessed by bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code")[4]; In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2nd Cir. 1994) ("We have repeatedly emphasized the importance of the bankruptcy court's equitable power." But "[t]his power is not unlimited. Thus, a bankruptcy court may not exercise this power in contravention of provisions of the [Bankruptcy] Code."); Tese-Milner v. Moon (In re Moon), 385 B.R. 541, 551 (Bankr. S.D.N.Y. 2008) (while "bankruptcy courts are courts of equity, they are nevertheless courts of law. It is well settled that a bankruptcy court's equitable powers are not boundless, and that they cannot be exercised in direct contravention of provisions of the Code."); Alan N. Resnick & Henry J. Sommer, 2 Collier on Bankruptcy ¶ 105.01[2] at 105-6 (16th ed. 2013) ("[I]t should be universally recognized that the [equitable] power granted to the bankruptcy courts under Section 105 is not boundless and should not be employed as a panacea for all ills confronted in the bankruptcy case."); Wiscoticth Rentas v. González Claudio (In re Morales García), 484 B.R. 1, 14-15 (Bankr. D.P.R. 2012).

---

[4] Citing Norwest Bank Worthington v. Ahlers, 485 U.S. at 206.

<u>Conclusion</u>

In view of the foregoing, the BPPR's *Motion for Reconsideration* (Docket No. 41) and *Omnibus Reply* (Docket No. 47) are hereby denied. The court concludes that BPPR is an unsecured creditor and as such was required to comply with the deadline for filing proofs of claim under Fed. R. Bankr. P. 3002. Because BPPR filed its proof of claim past the deadline set in the instant case, its proof of claim (Claims Register No. 8) is hereby disallowed in its entirety.

SO ORDERED.

In San Juan, Puerto Rico, this 1st day of October, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge